

**MEMO ENDORSED**

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-13-18
```

*The Silvio J Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 6, 2018



RECEIVED
SEP 10 2018
JUDGE KAPLAN'S CHAMBERS

**BY HAND**

The Honorable Lewis A. Kaplan
United State District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *Eyad Ismoil v. United States*, 16 Civ. 5658 (LAK); 93 Cr. 180 (LAK)

Dear Judge Kaplan:

    The Government writes in response to the Court's Order of June 22, 2018, and to request a stay of the above-referenced matter pending the resolution of a Second Circuit appeal in *United States v. Barrett*, 14-2641-cr.

    The defendant, Eyad Ismoil, has filed a petition and memorandum of law (the "Petition") under 28 U.S.C. § 2255 to vacate, set aside, or correct his convictions on two counts, Counts Nine and Ten, for which he was convicted of using and carrying a destructive device during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2. Three of Ismoil's co-defendants—Nidal Ayyad, Ahmad Mohammad Ajaj, and Mohammed Salameh (the "2255 Co-Defendants")—are similarly seeking relief under 28 U.S.C. § 2255 in connection with their convictions on Counts Nine and Ten.

    Putting forth the same argument asserted by the 2255 Co-Defendants, Ismoil argues in the Petition that Counts Nine and Ten of his sentence should be vacated because, *inter alia*, neither of the underlying predicate counts (Count One, conspiracy to transport explosives interstate for the purpose of bombing buildings, and Count Eight, assaulting federal officers) constitutes a "crime of violence" under 18 U.S.C. § 924(c).

    The legal significance of the term "crime of violence" under 18 U.S.C. § 924(c) is currently at issue in *Barrett* and, for that reason, the Government sought on August 13, 2018, a stay of the Co-Defendant's respective Section 2255 petitions pending the resolution of *Barrett*. The Court granted that request for a stay on August 23, 2018. *See, e.g.,* Endorsed Memorandum, *Ayyad v. United States*, 16 Civ. 4346 (LAK) (S.D.N.Y. Aug. 23, 2018), ECF No. 9 (attached hereto as Exhibit A).

For the reasons set forth in the Court's August 23rd order endorsing the Government's request to stay the Co-Defendant's respective Section 2255 petitions, the Government respectfully requests that the Court enter an order staying this matter pending the Second Circuit's decision in *Barrett*.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: /s/ Daniel H. Wolf
Daniel H. Wolf
Assistant United States Attorneys
Southern District of New York
(212) 637-2337

Granted

SO ORDERED

_____
LEWIS A. KAPLAN, USDJ

9/13/18

# EXHIBIT A

Case 1:93-cr-00180-LAK Document 903 Filed 09/13/18 Page 4 of 6
Case 1:16-cv-04346-LAK Document 9 Filed 08/23/18 Page 1 of 3
Case 1:16-cv-05031-LAK Document 13 Filed 08/13/18 Page 1 of 3

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

**MEMO ENDORSED**

August 13, 2018

**BY HAND**

The Honorable Lewis A. Kaplan
United State District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
8/23/2018

Re: *Nidal Ayyad v. United States*, 16 Civ. 4346 (LAK); 93 Cr. 180 (LAK)
*Ahmad Mohammad Ajaj v. United States*, 16 Civ. 5031 (LAK); 93 Cr. 180 (LAK)
*Mohammad Salameh v. United States*, 16 Civ. 5184 (LAK); 93 Cr. 180 (LAK)

Dear Judge Kaplan:

The petitioners in the above-captioned matters, Nidal Ayyad, Ahmad Mohammad Ajaj, and Mohammed Salameh, have filed a motion and memorandum of law under 28 U.S.C. § 2255 to vacate, set aside, or correct their convictions on the 924(c) counts. On June 27, 2018, the Court directed the Government to respond to this motion on or before August 27, 2018. The Government respectfully requests that the Court stay proceedings in connection with these motions pending the resolution of the Second Circuit appeal in *United States v. Barrett*, 14-2641-cr.

Ayyad, Ajaj, and Salameh were convicted by a jury of conspiracy to bomb buildings used in or affecting interstate and foreign commerce, to bomb property and vehicles owned by the United States, to transport explosives interstate for the purpose of bombing buildings, vehicles and other property, and to bomb automobiles used in interstate commerce, in violation of 18 U.S.C. § 371 (Count One); bombing a building used in or affecting interstate commerce, in violation of 18 U.S.C. §§ 844(i) and 2 (Count Two); bombing property owned, used and leased in part by a department or agency of the United States, in violation of 18 U.S.C. §§ 844(f) and 2 (Count Three); transporting a bomb interstate, knowing that the bomb was to be used on a building, vehicle and other property, in violation of 18 U.S.C. §§ 844(d) and 2 (Count Four); bombing a vehicle used in interstate commerce, with reckless disregard for the safety of human life, in violation of 18 U.S.C. §§ 33, 34, and 2 (Count Five); destroying and damaging vehicles that were used in interstate commerce, in violation of 18 U.S.C. §§ 33, 34, and 2 (Count Six); assaulting federal officers, namely, three United States Secret Service Agents who were injured by the explosion, in violation of 18 U.S.C. §§ 111 and 2 (Count Eight); and two counts of using and carrying a destructive device during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2 (Counts Nine and Ten); and providing a false statement under oath to the

Case 1:93-cr-00180-LAK Document 903 Filed 09/13/18 Page 5 of 6
Case 1:16-cv-04346-LAK Document 9 Filed 08/23/18 Page 2 of 3
Case 1:16-cv-05031-LAK Document 13 Filed 08/13/18 Page 2 of 3

Page 2

Immigration and Naturalization Service in connection with an application for permanent resident alien status, in violation of 18 U.S.C. § 1546(a) (Count Eleven).

The petitioners now argue in 2255 motions that Counts Nine and Ten of their sentences should be vacated because, *inter alia*, neither of the underlying predicate counts (Count One, conspiracy to transport explosives interstate for the purpose of bombing buildings, and Count Eight, assaulting federal officers) constitutes a "crime of violence" under Title 18, United States Code, Section 924(c).

The Court should stay these matters pending the resolution of a Second Circuit appeal in *United States v. Barrett*, 14-2641-cr. *See United States v. Washington*, 11-cr-605 (RJS) (S.D.N.Y. April 24, 2018) (ordering stay of defendant's 2255 motion pending resolution of these appeals).

On October 14, 2016, this Court granted a stay pending the Second Circuit's resolution of *United States v. Hill*, No. 14-3782. In the interim, on April 17, 2018, the Supreme Court decided *Sessions v. Dimaya*, No. 15-1498, 2018 WL 1800371 (Apr. 17, 2018), which held that 18 U.S.C. § 16(b), is unconstitutionally vague. Though *Dimaya* did not directly address the constitutionality of any provision of Section 924(c), Section 16(b) contains identical language to one of the two definitions of a "crime of violence" under Section 924(c)(3), specifically, Section 924(c)(3)(B)'s "risk-of-force clause."

On April 23, 2018, the Second Circuit panel assigned to consider *Barrett* granted the Government's request to submit a supplemental brief addressing whether *Dimaya*'s analysis of Section 16(b)—and, in particular, its application of the categorical approach—applies to Section 924(c)(3)(B)'s risk-of-force clause. Supplemental briefing was completed on June 1, 2018. The Second Circuit has not yet issued its decision.

The pending Second Circuit decision in *Barrett* presents the question whether a Hobbs Act conspiracy constitutes a crime of violence under either of Section 924(c)(3)'s subsections—the force clause or the risk-of-force clause. This question is directly analogous to the question at issue in these 2255 motions: whether a conspiracy to transport explosives interstate for the purpose of bombing buildings constitutes a crime of violence under either of Section 924(c)(3)'s subsections.

The Second Circuit issued an amended opinion in *Hill* on June 22, 2018, in which the Second Circuit concluded that Hobbs Act Robbery is a crime of violence under Section 924(c)(3)(A)'s "force" clause. However, the Court did not address the question with respect to 924(c)(3)(B)'s "risk-of-force" clause, nor did *Hill* address whether crimes of conspiracy may constitute a crime of violence—questions likely to be addressed by *Barrett*.

The pendency of the Court's determination in *Barrett* will affect the merits of petitioners' claims and thus weighs in favor of a stay pending the Second Circuit's decisions. *See Wang v. United States*, No. 13-CV-3524 DLI, 2015 WL 1966465, at *2 (E.D.N.Y. Apr. 30, 2015) (staying habeas proceedings pending the disposition of a Supreme Court case involving "the same question of law," in the interest of "judicial economy"); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) ("'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Case 1:93-cr-00180-LAK   Document 903   Filed 09/13/18   Page 6 of 6
Case 1:16-cv-04346-LAK   Document 9   Filed 08/23/18   Page 3 of 3
Case 1:16-cv-05031-LAK   Document 13   Filed 08/13/18   Page 3 of 3

Page 3

For these reasons, the Government requests that the Court enter an order staying these matters pending the Second Circuit's decision in *Barrett*.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By:     /s/ Juliana Murray
Juliana Murray/Ryan Finkel/Elinor Tarlow
Assistant United States Attorneys
Southern District of New York
(212) 637-2314/-6612/-1036

*Granted*

[signature]
8/20/18