UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
NIDAL AYYAD,

                Movant,

   -against-

UNITED STATES OF AMERICA.
------------------------------------------x
AHMAD MOHAMMAD AJAJ,

                Movant,

   -against-

UNITED STATES OF AMERICA.
------------------------------------------x
MOHAMMAD SALAMEH,

                Movant,

   -against-

UNITED STATES OF AMERICA.
------------------------------------------x
EYAD ISMOIL,

                Movant,

   -against-

UNITED STATES OF AMERICA.
------------------------------------------x

16-cv-4346 (LAK)
(93-cr-180 (LAK))

16-cv-5031 (LAK)
(93-cr-180 (LAK))

16-cv-5184 (LAK)
(93-cr-180 (LAK))

16-cv-5868 (LAK)
(93-cr-180 (LAK))

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

      Movants were convicted of multiple felony counts in connection with the 1993 World Trade Center Bombing, including two counts charged under 18 U.S.C. § 924(c). The predicate offenses for these counts were (1) assault on a federal official in violation of 18 U.S.C. § 111 (Count Nine) and (2) conspiracy to destroy buildings in violation of 18 U.S.C. § 371 (Count Ten).

      In June 2016, movants filed nearly identical 28 U.S.C. § 2255 motions challenging

their convictions on Counts Nine and Ten [DI 859, 862, 863, 867].[1] They argued that the predicate offenses were not "crimes of violence" under *Johnson v. United States*, 135 S.Ct. 2551 (2015). As to Count Nine, movants' arguments were based on Section 111(a)'s definition of assaulting a federal officer, which criminalizes, among physical acts of violence, intimidating a federal officer. The Court stayed the motions pending the resolution of constitutional challenges to Section 924(c)(3)'s definition of a "crime of violence" [DI 873, 902].

In June 2019, the Supreme Court in *United States v. Davis*, 139 S.Ct. 2319 (2019), held that the Section 924(c)(3)(B) "risk of force" clause is unconstitutionally vague. In light of *Davis*, the Second Circuit in *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), vacated a defendant's conviction under Section 924(c)(3)(B) for conspiracy to commit a Hobbs Act robbery.

The government argues that, as to Count Nine, movants were convicted under Section 111(b) and that assaulting a federal officer in violation of this subsection is a "crime of violence" under Section 924(c)(3)(A)'s "elements clause." The Court agrees substantially for the reasons stated in the government's brief [DI 928].

In their reply, movants Ayyad, Ajaj, and Salameh[2] do not challenge the government's position that they were convicted under Section 111(b) [DI 931]. Instead, they now challenge their convictions on Count Nine based on the jury charge given at trial, which instructed that the defendants could be found guilty of the substantive offense if the jury concluded that the defendants were engaged in the conspiracy charged in Count One. Movants argue that because conspiracy is not a crime of violence, the offense does not satisfy Section 924(c)(3)(A)'s requirement that the predicate offense "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" Movants argue that, in light of *Davis* and *Barrett*, the conviction also cannot stand under Section 924(c)(3)(B). Accordingly, they contend that Count Nine must be vacated.

It is well settled that an argument raised for the first time in a reply brief is not a proper basis for granting relief.[3] Though movants make the same legal argument as in their original motion – that the predicate offense is not a "crime of violence" – the reply asserts new grounds in support of their argument.

The government shall file a response as to Ayyad, Ajaj, and Salameh no later than

---

[1] All docket references are to 93-cr-180.

[2] The reply was filed by counsel for Ayyad, Ajaj, and Salameh. Ismoil has not responded to the government's brief.

[3] See *Best v. Barbarotta*, 790 F. App'x 336, 337 n.2 (2d Cir. 2020); *Nat'l Labor Relations Bd. v. Star Color Plate Serv.*, 843 F.2d 1507, 1510 n.3 (2d Cir. 1988).

March 20, 2020. Ayyad, Ajaj, and Salameh shall file their joint reply, if any, within 30 days of the date that the government files its response.

In light of *Davis* and *Barrett*, the government consented to vacatur of movants' convictions on Count Ten [DI 928 at 1 n.2].

All movants' motions [DI 859, 862, 863, 867] are granted with respect to their convictions on Count Ten. The Court will enter amended judgments to so reflect. Ismoil's motion [DI 867] is denied with respect to his conviction on Count Nine. The Court will resolve Ayyad, Ajaj, and Salameh's motions with respect to Count Nine once the parties have filed their respective submissions.

SO ORDERED.

Dated: February 19, 2020

Lewis A. Kaplan
United States District Judge