USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-18-2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES OF AMERICA,

-against-                                                              93-cr-0180 (LAK)

EYAD ISMOIL,

                              Defendant.
------------------------------------- x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        The movant, Eyad Ismoil, was convicted of multiple felony counts in connection with the first World Trade Center bombing and sentenced by Hon. Kevin T. Duffy principally to a term of imprisonment aggregating 240 years, 60 years of which were consecutive terms of 30 years on each of Counts Nine and Ten, which charged Section 924(c) counts, that were added to eight concurrent terms of 180 years of imprisonment.[1]

        In 2016, Ismoil filed a Section 2255 motion challenging his convictions on Counts Nine and Ten on the basis of *Johnson v. United States,* 135 S. Ct. 2551 (2015), and *Welch v. United States,* 136 S. Ct. 1257 (2016). Ultimately, that motion was granted as to Count Ten and denied as to Count Nine. (Dkts 941, 944)

        Now before the Court are Ismoil's latest Section 2255 motion, which again challenges his conviction on Count Nine (Dkt 1024), and his request to amend that motion (Dkt 1056). Ismoil's motions are denied substantially for the reasons stated in the government's opposition brief (Dkt 1064). Specifically, the Court exercises its discretion under the concurrent sentence doctrine to decline to hear Ismoil's challenge to his conviction on Count Nine.

        The concurrent sentence doctrine permits a court "to decline to review the merits of a claim on collateral review when the challenged conviction's sentence runs consecutively to one or more unchallenged life sentences." *Al-'Owhali,* 36 F.4th 461, 463 (2d Cir. 2022). The exercise of such discretion is appropriate when, as in this case, two conditions are met: "(1) the collateral challenge will have no effect on the time the prisoner must remain in custody and (2) the unreviewed conviction will not yield additional adverse collateral consequences." *Id.* at 467.

        *First,* Ismoil's challenge to his conviction on Count Nine could have no effect on the time he must remain in prison because he has not challenged the eight concurrent sentences of 180 years' imprisonment. The Second Circuit has treated such sentences that extend beyond a

---

[1] The aggregate term of imprisonment later was reduced to 210 years as a result of a partially successful § 2255 motion. *Infra.*

defendant's "maximum conceivable life expectancy" as "simply equivalent to a life sentence." *See United States v. Hamilton*, 548 F. App'x 728, 730 (2d Cir. 2013) (term of imprisonment of 150 years); *see also United States v. Howells*, 676 F. App'x 55, 58 (2d Cir. 2017) (affirming the use of "consecutive maximum sentences exceeding any defendant's life expectancy to achieve a Guidelines total punishment of life imprisonment"). Accordingly, although *Al-'Owhali* involved an unchallenged life sentence, the Second Circuit's reasoning applies with equal force here: "even a complete vacatur of the challenged sentence will not reduce the time [Ismoil] is required to serve in prison." *Id.* (internal quotation marks omitted).

*Second*, the Court considers the factors identified in *United States v. Vargas* for potential adverse collateral consequences of the unreviewed conviction. 615 F.2d 952, 959-60 (2d Cir. 1980). Those factors include "the unreviewed conviction's effect on the petitioner's eligibility for parole, the future application of recidivist statutes for a future offense by the petitioner, the petitioner's credibility in future trials, the possibility of pardon, and societal stigma of a conviction." *Kassir v. United States*, 3 F.4th 556, 568 (2d Cir. 2021).

None of the *Vargas* factors supports considering Ismoil's Section 2255 motion. Reaching the merits of Ismoil's claim will not affect his eligibility for parole because his unchallenged 180-year sentences are all without parole. *See United States v. Delgado*, 971 F.3d 144, 159 (2d Cir. 2020) ("Since there is no parole in the federal system, [the] sentence is effectively the same as a life-without-parole sentence in state court systems."). Furthermore, it is unlikely that Ismoil will be subject to any recidivist statute for a future offense "such that the unreviewed conviction could result in an increased sentence, because [Ismoil] is already in prison" for the functional equivalent of a life sentence. *Al-'Owhali*, 36 F.4th at 468. As in *Al-'Owhali*, "the unreviewed conviction is unlikely to be used to impeach [Ismoil's] character at a future trial or affect his future chances for a potential pardon," *id.*, because even if his conviction on Count Nine were vacated, he would remain convicted of multiple counts stemming from his role in one of the most notorious acts of terrorism in this nation's history. Finally, Ismoil's conviction on Count Nine is unlikely to subject him to any additional societal stigma, "especially in comparison to the stigma already carried by his unchallenged convictions." *Id.*

For the foregoing reasons, the Court declines to review Ismoil's Section 2255 motion (Dkt 1024) and denies his motion without prejudice to Ismoil renewing his challenge to his Section 924(c) conviction if and when he can bring a timely and colorable challenge to all of his 180-year sentences. *See Al-'Owhali*, 36 F.4th at 469 (citing *Kassir*, 3 F. 4th at 569). Ismoil's motions to amend his Section 2255 motion (Dkt 1056) and to respond to the government's opposition (Dkt 1069) are denied as futile.

The Clerk shall mail a copy of this order to the defendant at the address provided in Dkt 1069 and so note on the docket.

SO ORDERED.

Dated:   July 18, 2023

/s/   Lewis A. Kaplan

Lewis A. Kaplan
United States District Judge