Case 1:93-cr-00180-LAK    Document 1100    Filed 04/22/26    Page 1 of 2



# COHEN FORMAN BARONE, PC

### AN EXPERIENCED LAW FIRM

| DAVID J. COHEN | CORY FORMAN | CARLA A. BARONE | BENJAMIN L. SIMPSON |
|---|---|---|---|
| david@cfblaw.com | cory@cfblaw.com | carla@cfblaw.com | ben@cfblaw.com |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-24-26

April 22, 2026

The Honorable J. Louis A. Kaplan
United States District Judge
Southern District of New York
New York, New York 10007

## MOTION TO ALLOW FILING UNDER SEAL AND ADDITIONAL REDACTIONS

**Re:    United States of America v. Eyad Ismoil 93 cr 180-009 (LAK)**

Dear Honorable Judge Kaplan-

As Your Honor is aware, I am co-counsel to David J. Cohen representing Eyad Ismoil in the above-referenced matter, having been appointed by the Court to represent the defendant in submitting an 18 U.S.C. §3582 motion, pursuant to the provisions of the Criminal Justice Act ("CJA"), 18 U.S.C. §3006A.

As the Court is aware from my update to the Court on March 9, 2026[1], we anticipate filing Mr. Ismoil's request for compassionate release imminently. In preparation for such filing, and in order to allow us to timely file it without further delay, we are writing to request the Court's permission to file certain exhibits under seal, as well as to make additional redactions within the body of the attorney's affirmation and brief setting forth the basis for the request itself.

As the Court no doubt expects, Mr. Ismoil's compassionate release motion, as many such requests, relies heavily on sensitive medical issues, both for him and his family members. In addition, it relies heavily on information related to his treatment during the portion of his sentence which he has already served in Bureau of Prisons (BOP) custody. In addition to the sensitive nature of medical records generally, the defense notes that Mr. Ismoil has been held in several extremely high-security facilities and specialized units throughout his incarceration. He has also been subjected to Special Administrative Measures ("SAMs") which restricted his ability to communicate about the conditions of his incarceration, as well as the ability of his family and counsel to do so.

We, therefore, believe that in addition to our own concerns about Mr. Ismoil and his loved one's privacy, the United States Government appears to also have substantial interest in the privacy of records and representations related to Mr. Ismoil's treatment while in BOP custody.

---

[1] Filed *ex parte* at the Court's direction.

| Manhattan | 950 Third Avenue, 11th fl, New York, NY 10022 | T. 212.766.9111 | F. 212.766.9166 |
|---|---|---|---|
| Long Island | 228 East Main Street,    Patchogue, NY 11772 | T. 631.766.9111 | F. 212.766.9166 |

Case 1:93-cr-00180-LAK    Document 1100    Filed 04/22/26    Page 2 of 2

Additionally, during the Court's consideration of Mr. Ismoil's request, and, in the event that the Court decides not to grant the request, or, to grant only a partial reduction in sentence, Mr. Ismoil remains in the custody of the BOP, under the control of its agents and employees. This reality creates a non-zero possibility that, should information or exhibits within or annexed to Mr. Ismoil's motion be deemed as critical of or accusatory with respect to any member(s) of the BOP, or, of the BOP generally, Mr. Ismoil maintains founded concerns that he may be subject to various forms of pretextual retaliation.

Finally, as the Court is no doubt aware, Mr. Ismoil's case has attracted significant public and media attention—at the time of his conviction and since, due to the nature of his case and the conditions under which he has been imprisoned. This attention exposes not only Mr. Ismoil, but his family members and innocent third parties who have participated in the gathering of information relating to this case, to the potential of undue risk for their representations to undersigned counsel and the Court.

Assistant United States Attorney Daniel Wolf, Esq. has informed the Defense that the Government does not oppose the instant request.

WHEREFOR, the Defense respectfully moves the Court for permission to file certain exhibits under seal and to make appropriate redactions within the body of its request for compassionate release[2]. The additional categories—beyond those permitted by default—are as follows:

*Exhibits to File Under Seal*
- Medical Records of Defendant and Family Members as well as Attorney Office Work Product compiling and summarizing medical record data; and
- Non-Medical BOP Records, including selected Disciplinary Records and Reproductions of Communications between Mr. Ismoil's current and prior counsel and BOP personnel

*Redactions Beyond those Statutorily Required in both the Request Brief as well unsealed Exhibits*
- Specific medical conditions or diagnoses;
- Names of Mr. Ismoil's family members mentioned in the submission or exhibits;
- Dates and times of specific allegations of mistreatment by BOP staff;
- Names of BOP personnel or inmates—past or present—mentioned in the submission or exhibits.

Granted

Sincerely yours,

//S//Benjamin L. Simpson //S//
Benjamin Lyle Simpson, Partner
Cohen Forman Barone, PC

**Copies by email to: AUSA Daniel Wolf, Esq. (Daniel.wolf@usdoj.gov)**

---

[2] Of course, unredacted copies will be provided to the Court and the Government.