

# COHEN FORMAN BARONE, PC

A N   E X P E R I E N C E D   L A W   F I R M

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-30-26

| DAVID J. COHEN | CORY FORMAN | CARLA A. BARONE | BENJAMIN L. SIMPSON |
|---|---|---|---|
| david@cfblaw.com | cory@cfblaw.com | carla@cfblaw.com | ben@cfblaw.com |

April 30, 2026

The Honorable J. Lewis A. Kaplan
United States District Judge
Southern District of New York
New York, New York 10007

## REQUEST TO FILE MEMORANDUM EXCEEDING THE COURT'S PAGE LIMITS

Re:   **United States of America v. Eyad Ismoil 93 cr 180-009 (LAK)**

Dear Honorable Judge Kaplan-

As Your Honor is aware, I am co-counsel with my partner, Benjamin L. Simpson, representing Eyad Ismoil in the above-referenced matter, having been appointed by the Court to represent the defendant in submitting an 18 U.S.C. §3582 motion, pursuant to the provisions of the Criminal Justice Act ("CJA"), 18 U.S.C. §3006A.

The Court has granted our request (ECF No. 1102) to file the memorandum of law in support of Mr. Ismoil's request beyond the Court's standard 35-page length, permitting counsel to file a brief of no more than 40 pages. (ECF No. 1103)

Counsel's memorandum is fully complete; however, it currently stands at 63 pages in length even after many days of editing, cutting and restyling to shrink the length of the filing from an even greater number of pages. We appreciate the Court's consideration in extending the page limit as it has, however, the extension is simply not significant enough in this unique filing in a most extraordinary case.

Counsel remains concerned that the additional five (5) pages is not sufficient and would cause us to lose some of the most central discussions and arguments to this important request. We wholly recognize that this second request of the page limit is unusual. Mr. Ismoil's case is also highly unusual and counsel's request is commensurate with the facts of the case.

Counsel submits the requested page limit is appropriate and necessary, considering: the conditions the defendant endured; the length of time incarcerated; the uniqueness of the actual incarceration he was subjected to; the data that counsel has procured over the life of defendant's incarceration; the physical, emotional, and psychological toll the restrictive measures that were taken against the defendant had on him, and the litigation that has transpired since his incarceration.

| Manhattan | 950 Third Avenue, 11th fl, New York, NY 10022 | T. 212.766.9111 | F. 212.766.9166 |
| Long Island | 228 East Main Street,   Patchogue, NY 11772 | T. 631.766.9111 | F. 212.766.9166 |

began.  We believe that this rare request and the need for it will become clear in reviewing the memo as presently constituted.

**Assistant United States Attorney Daniel Wolf, Esq. has previously informed the Defense that the Government takes no position on the request to extend the page limit.**

WHEREFORE, the Defense respectfully moves the Court for permission to exceed the Court's newly expressed extension and file the currently finalized, 63-page memorandum of law in support of Mr. Ismoil's request under 18 U.S.C. § 3582.

Sincerely yours,

//S// David Jason Cohen //S//
David J. Cohen, Partner
Cohen Forman Barone, PC

Copies by email to: AUSA Daniel Wolf, Esq. (Daniel.wolf@usdoj.gov)

Granted

SO ORDERED

_____
LEWIS A. KAPLAN, USDJ

4/30/26